**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:**

| | |
|---|---|
| Barbara Stenger Silvis,<br><br>Plaintiff,<br><br>vs.<br><br>AmSher Collection Services, Inc.,<br><br>Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1367 for pendent state law claims.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff (hereinafter "Silvis" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant AmSher Collection Services, Inc. (hereinafter "AmSher" or "Defendant") is a debt collector that operates from an address of 600 Beacon

Parkway West, Suite 300, Birmingham, Alabama 35209. AmSher is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with T-Mobile, who is a creditor as that term is defined by 15 U.S.C. §1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C §1692a(5), namely a consumer debt.

8. Sometime prior to August 4, 2011 the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

9. On August 4, 2011 at approximately 11:00 a.m. CST, Plaintiff received a telephone call from Defendant.

10. The woman on the phone informed Plaintiff that the purpose of the call was to collect a debt, that any information obtained would be used for that purpose, and demanded that Plaintiff verify her date of birth.

11. The woman stated that she was calling on behalf of T-Mobile.

12. Plaintiff interrupted, stating that the caller needed to contact Plaintiff's lawyer.

13. While searching for her attorney's phone number and address, Plaintiff informed the caller that her attorney's name was Paul Weig and that she would get the phone number for the attorney in a moment.

14. The woman caller tried to interrupt Plaintiff while she was explaining that she had a lawyer, the caller's voice began to rise in volume as the caller insisted that she had to talk to Plaintiff because it was her debt.

15. Plaintiff again told the caller that she needed to contact her lawyer, Paul Weig.

16. The caller tried to say something further to Plaintiff, raising her voice.

17. In response, Plaintiff said sternly that the caller had to contact her lawyer, Paul Weig.

18. The caller yelled at Plaintiff to stop yelling at her.

19. Plaintiff responded sternly, "I am not yelling at you.  You need to contact my lawyer, Paul Weig."

20. Plaintiff, still searching for the attorney's phone number, held the phone away from her ear, but the caller was yelling so loud that Plaintiff could clearly hear "this is your debt, I need to talk to you about it."

21. Plaintiff told the caller to hang on and she put down the phone, returning a few moments later with her attorney's phone.

22. The caller asked Plaintiff to repeat the lawyer's name, Plaintiff repeated his name and phone number.

23. The caller started to say something further and Plaintiff hung up the phone.

24. Upon information and belief, the unknown caller was an employee of Defendant AmSher.

25. On August 4, 2011 at 1:13 p.m. CST, Defendant's attorney, Paul H Weig sent a fax to Defendant, advising that he represents Plaintiff and that Defendant should

have no further direct contact with Plaintiff.  See Exhibit 1.  (The letter from Plaintiff's attorney to Defendant is incorrectly dated September 28, 2010, - a typographical error - the fax cover sheet and confirmation notice display the correct date of August 4, 2011.)

26. On August 5, 2011, despite being notified that Plaintiff was represented by an Attorney, Defendant sent a letter to Plaintiff at her home address.  See Exhibit 2.

27. Plaintiff received Defendant's August 5, 2011 letter on August 12, 2011.

28. By continuing to dun Plaintiff for payment after Plaintiff informed it she was represented by an attorney, Defendant violated 15 U.S.C. §1692a, §1692b, §1692b(6), §1692c, §1692c(a)(2), §1692d, §1692e and §1692e(10) of the FDCPA.

29. By raising her voice and insisting on dunning Plaintiff after being informed that Plaintiff was represented by an attorney the caller violated 15 U.S.C. §1692a, §1692d and §1692d(5).

30. By mailing a letter directly to Plaintiff after it was on notice that Plaintiff was represented by an attorney and wished no further direct communication with Defendant, Defendant violated 15 U.S.C. §1692c, §1692c(a)(2), and §1692c(c).

## Vicarious Liability

31. Defendant AmSher is the master, employer, principal and/or joint venture of the unidentified woman caller and is therefore vicariously liable for the acts and omissions of the caller.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 ET SEQ.

33. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

34. The foregoing acts of the Defendants constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C §1692 et. seq.

35. As a result of said violations, Plaintiff is entitled to an award of statutory damages up to $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(2)(A) and 15 U.S.C. §1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;

5

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. §1692k(a)(3), against Defendants, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant herein in an amount to be determined at trial;

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.


Dated:  August 12, 2011.                    **WEIG LAW FIRM, LLC.**



                                            By: /s/ Paul H Weig_____
                                                Paul H Weig
                                                Attorney for Plaintiff
                                                Attorney I.D. No.: 0288792
                                                3101 Irving Avenue South
                                                Minneapolis, Minnesota 55408
                                                Telephone:612-501-4841

6